# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

TALAYA T. STEVENSON,

      Plaintiff,                                 Case No. 8:22-cv-01468

v.

HUNTER WARFIELD, INC.,

      Defendant.

_____/

## COMPLAINT

**NOW COMES** Talaya T. Stevenson ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of Hunter Warfield, Inc., ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides in the Middle District of Florida, Defendant conducts business in the Middle District of Florida, and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

## PARTIES

4.      Plaintiff is a natural person over 18-years-of-age who resides in Duluth, Georgia, and is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

5.      Defendant is a foreign corporation that is in the business of collecting defaulted debt owed to others. Defendant's principle office is located at 4620 Woodland Corporate Blvd., Tampa, Florida 33614.

6.      Defendant principal business purpose is to provide debt collection and asset investigation services to its creditor clients. Defendant also specializes in multi-housing, commercial, funeral care, and educational markets, as well as serves educational-student housing and student loans, military housing, utility billing, building and medical supply, and auction bid defaults.

## FACTS SUPPORTING CAUSES OF ACTION

7.      Approximately 5 to 6 years ago, Plaintiff leased an apartment with MAA Apartment Complex ("MAA").

8.      Unfortunately, the Plaintiff incurred a past due balance ("subject debt").

9.      Sometime thereafter, the subject debt was sent to Defendant's office for collection.

10.     To Plaintiff's shock, the first time that she heard of Defendant was a telephone call from a former co-worker, Anjelle Culpon ("Ms. Culpon"), advising that the Defendant had contacted her regarding the subject debt.

11.     Furthermore, Defendant had disclosed the debt and other personal information to Ms. Culpon on multiple occasions.

12.     Specifically, Defendant advised Ms. Culpon that Plaintiff had an outstanding debt for around $3,000 that was incurred with MAA in Apple Hill.

13.     The Defendant did not attempt to verify the debt or the person with which it was speaking when it called Plaintiff's former co-worker, Ms. Culpon.

14.     The Plaintiff had not spoken to or worked with Ms. Culpon in over 8 years, and therefore was extremely embarrassed when she notified her of Defendant's collection efforts.

15.     Plaintiff immediately called, spoke with a representative of the Defendant and asked for a manager.

16.     The Defendant's representative advised there was no manager available, and offered a call back from manager Carla Ruiz.

17.     To date, the Plaintiff has not heard from Defendant in any way.

18.     Defendant acted intentionally when it contacted Plaintiff's former co-worker, Ms. Culpon, and disclosed that they were collecting a debt from Plaintiff in a blatant attempt to harass, embarrass, and abuse Plaintiff into making a payment.

19.     Moreover, Defendant intended to intimidate Plaintiff by contacting Ms. Culpon.

20.     Defendant's harassing conduct has severely disputed Plaintiff's general well-being as Plaintiff now feels threatened.

21.     Plaintiff now fears that Defendant will continue to contact other former associates of Plaintiff, further causing more undue embarrassment and invasion of her privacy.

22.     Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further harassment, thus incurring costs and expenses.

## DAMAGES

23.     Defendant's wrongful collection efforts severely disrupted Plaintiff's daily life and general well-being.

24.     Plaintiff has expended time consulting with her attorneys as a result of Defendant's harassing collection efforts.

25.     Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, harassment, emotional distress, anxiety, and loss of concentration.

26.     Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts, incurring costs and expenses meeting with her attorneys.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27.     Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

28.     Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

29.     Moreover, Defendant is a "debt collector" because it acquired rights to the debt after it was allegedly in default. 15 U.S.C. §1692a(6).

30.     The alleged subject debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

31.     Defendant used the phone to attempt to collect the debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

32.     Defendant's communications to Plaintiff were made in connection with the collection of the debt.

## COUNT I
### Violations of FDCPA § 1692d

33.     The FDCA, pursuant to 15 U.S.C. §1692b(2), prohibits a debt collector from contacting a third party and stating that a consumer owes any debt.

34.     Defendant violated §1692b(2) when it called Plaintiff's former co-worker on multiple occasions regarding the subject debt.

35.     Defendant further violated §1692b(2) when it called Plaintiff's former co-worker and disclosed the specifics of the existence of Plaintiff's alleged subject debt; including, but not limited to, who the debt was originally owed to, how much the debt was originally for and by whom the debt was owed.

## COUNT II
### Violations of  FDCPA §1692c

36.     The FDCPA, pursuant to 15 U.S.C §1692c(b), prohibits a debt collector from contacting anyone other than the consumer concerning the subject debt.

37.     Defendant violated §1692c(b) when it contacted Plaintiff's former co-worker and disclosed personal and private information regarding Plaintiff and the subject debt.

## COUNT III
### Violation of FDCPA §1692d

38.     The FDCPA, pursuant to U.S.C §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

39.     Defendant violated §1692d when it called and spoke with Plaintiff's former co-worker seeking payment on the subject debt.

40.     Defendant was simply trying to humiliate and harass Plaintiff into paying the alleged subject debt immediately.

## COUNT IV
### Violation of FDCPA §1692f

41.     Defendant violated §1692f in that Defendant used unfair and unconscionable means to collect the subject debt in embarrassing Plaintiff by contacting someone she has not seen or spoken with in around 8 years in an attempt to collect the subject debt.

42.     Furthermore, Plaintiff was attempting to reach a manager with the Defendant and has been completely ignored. It is unfair for Defendant to deliberately ignore Plaintiff's request to speak with a manager.

**WHEREFORE,** Plaintiff requests that this Honorable Court:

a.     Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.     Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c.     Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d.     Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: June 27, 2022.                                Respectfully Submitted,


                                                    /s/ Alexander J. Taylor
                                                    Alexander J. Taylor, Esq.
                                                    Florida Bar No. 1013947
                                                    Sulaiman Law Group, Ltd.
                                                    2500 South Highland Avenue,
                                                    Suite 200
                                                    Lombard, IL 60148
                                                    Telephone: (630) 575-8181
                                                    ataylor@sulaimanlaw.com